UNITED STATES of America, Plaintiff,

v.

AN ARTICLE of hazardous substance CONSISTING OF 50,000 cardboard BOXES more or less, each containing one pair OF CLACKER BALLS, labeled in part: (Box) "* * * Kbonger * * It's Fun  Test Your Skill  It Bounces It Flips  Count The Hits * * * Specialty Mfg. Co.,  Seattle, Wash. * *", Defendant.

No. 74–C–73.

United States District Court,
E. D. Wisconsin.

May 21, 1976.

Leah M. Lampone, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Jordan B. Reich, Kohner, Mann & Kailas, Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This is an *in rem* action whereby the plaintiff United States of America seeks seizure, condemnation and destruction of some 50,000 devices known as "clacker balls", all pursuant to the Federal Hazardous Substances Act ("FHSA"), as amended, 15 U.S.C. § 1261 *et seq.* Jurisdiction exists under the provisions of 15 U.S.C. § 1265 and 28 U.S.C. § 1345.

The initial complaint for forfeiture was filed on March 1, 1974, and the defendant articles of property were seized by the United States Marshal on March 5, 1974. At that time the devices were in the possession of the M. W. Kasch Company in Mequon, Wisconsin. By order dated March 5, 1974 public notice of the seizure was given in the Daily Reporter, a newspaper within the Eastern Judicial District of Wisconsin; on April 16, 1974 an answer was filed wherein an interest in the seized articles was claimed by Ace Novelty Co., Inc., d/b/a Specialty Manufacturing Co., of Seattle, Washington.

An amended complaint for forfeiture was filed on November 27, 1974; upon objection thereto by the answering claimant, a motion for leave to file an amended complaint was presented in accordance with Rule 15(a) of the Federal Rules of Civil Procedure. By order dated August 5, 1975, leave to file the amended complaint was granted, and the amended complaint was properly filed on August 7, 1975. An amended answer thereto was submitted on August 13, 1975.

The amended complaint is identical to the initial complaint save for the fact that the allegation that the articles in question were banned hazardous substances ". . . when introduced into and while in interstate commerce . . ." has been rephrased to charge that these items were banned hazardous substances ". . . while held for sale after shipment in interstate commerce . . ."

A motion for summary judgment was filed on behalf of the Government pursuant to Rule 56 of the Federal Rules of Civil Procedure on March 6, 1975. This motion was supported by an affidavit of one David W. Thome and a memorandum of points and authorities; a brief in response thereto was filed on April 24, 1975 on behalf of the answering party, and a reply brief was submitted in support of the motion on May 12, 1975.

By the terms of the order of August 5, 1975, the Government's motion for summary judgment was held in abeyance pending submission of and answer to the amended complaint; this having been done, and counsel for the answering party having indicated in a letter dated March 23, 1976 that no affidavits in opposition to the motion for summary judgment would be forthcoming, the Court may proceed to rule upon various issues raised by the answer to the amended complaint and the brief in opposition to the motion for summary judgment, said issues now being ripe for decision.

I

Counsel for the answering claimant initially charge that there is a defect of parties plaintiff because the Consumer Product Safety Commission has not been named in the caption of the amended complaint. The Court is of the opinion that this contention is without merit.

This is an action on libel of information seeking condemnation of an allegedly hazardous substance pursuant to the jurisdictional provisions of the FHSA, 15 U.S.C. § 1265. Section 9 of the FHSA, 15 U.S.C.

§ 1268, specifically states that ". . . all libel or injunction proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States." Conduct of litigation in which an agency of the United States is interested, and securing evidence therefor, is reserved to the officers of the Department of Justice. 28 U.S.C. § 516.

In view of the foregoing the Court can find no defect in parties plaintiff.

## II

The third defense listed in the amended answer reads as follows:

"The statutes and regulations cited in said complaint constitute an unconstitutional application of same as applied to defendant items and answering party as they are violated [sic] of the Fifth Amendment's due powers [sic] clause."

■ The Court is uncertain of the thrust of this objection or defense. Nowhere in the brief in opposition to the motion for summary judgment that was filed on behalf of the answering party is the nature of this allegation clarified. The Court can enter no ruling in regard thereto at this time.[1]

## III

The second defense listed in the amended answer denies all allegations that the defendant items are or were hazardous substances within the meaning of the FHSA.

This issue is encompassed by the larger question of whether the Government is entitled to summary judgment.

■ Counsel for the United States argue that each of these particular devices is a "hazardous substance" within the meaning of § 2 of the FHSA, 15 U.S.C. §§ 1261(f)(1)(D) and 1261(s). These statutes are clarified by regulations of the Consumer Product Safety Commission, particularly 16 C.F.R. § 1500.18(a)(7). The Government further charges that these items are "banned hazardous substances" as defined in 15 U.S.C. § 1261(q)(1) because they are hazardous substances which are toys intended for use by children within the meaning of that statute. If this is so, the defendant devices are subject to seizure and condemnation after shipment in interstate commerce pursuant to 15 U.S.C. § 1265.

The motion for summary judgment charges that there is no genuine issue of material fact concerning any of the foregoing allegations and that the plaintiff is entitled to judgment as a matter of law.

Counsel for the answering party claim that no summary judgment can be granted in that the sole affidavit supporting the motion for summary judgment violates Rule 56(e) of the Federal Rules of Civil Procedure because it sets forth facts which would not be admissible as evidence in a trial in this matter and because sworn or certified copies of papers or parts thereof referred to in the affidavit have not been provided therewith.[2]

---

1. To the extent that counsel for the claimant hereby contend that the due process clause of the fifth amendment to the United States Constitution precludes a seizure such as this absent a prior hearing, the Court would find their position to be without merit. *See: Ewing v. Mytinger & Casselberry, Inc.*, 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088 (1950), and *Natick Paperboard Corp. v. Weinberger*, 525 F.2d 1103 (1st Cir., 1975).

   Furthermore, the Court would attribute no significance to the fact that these items might have been manufactured and shipped in interstate commerce before the time when these particular regulations became effective; ample opportunity for a hearing concerning the propriety of these regulations was available prior to their imposition pursuant to the terms of 15 U.S.C. § 1262(a). See footnote 4, *infra*.

2. Rule 56(e) of the Federal Rules of Civil Procedure reads in full as follows:

   "(e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise pro-

After due consideration of the position of each party, and for the reasons herein stated, the Court must conclude that summary judgment in favor of the plaintiff is appropriate at this time.

Pursuant to authority vested by 15 U.S.C. § 1261(f)(1)(D), the Consumer Product Safety Commission has enacted regulations at 16 C.F.R. § 1500.18(a) wherein a determination is made that certain products intended for use by children constitute a mechanical hazard within the meaning of 15 U.S.C. § 1261(s) because in normal use said products present an unreasonable risk of personal injury. Among the products listed are:

"(7) Toys usually known as clacker balls and consisting of two balls of plastic or another material connected by a length of line or cord or similar connector (referred to as 'cord' in § 1500.86(a)(5)), intended to be operated in a rhythmic manner by an upward and downward motion of the hand so that the two balls ·will meet forcefully at the top and bottom of two semicircles thus causing a 'clacking' sound, which toys present a mechanical hazard because their design or manufacture presents an unreasonable risk of personal injury from fracture, fragmentations, or disassembly of the toy and from propulsion of the toy or its part(s)."

Paragraph (2) of the amended complaint alleges that the defendant devices are articles of hazardous substance ". . . consisting of 50,000 cardboard boxes, more or less, each containing one pair of clacker balls . . ." Said paragraph concludes by charging interstate shipment thereof on specific dates by particular carriers. The amended answer denies only the allegations of "hazardous substance" contained in paragraph (2); it therefore admits that the devices are clacker balls which have been shipped in interstate commerce. *See*: Rule 8(d), Federal Rules of Civil Procedure.[3]

█ The amended answer denies that defendant devices are hazardous substances within the meaning of the relevant federal statutes and regulations, but it seems apparent that this is a matter which has been resolved contrarily by the Consumer Product Safety Commission at 16 C.F.R. § 1500.-18(a)(7). The Court thus concludes that these articles are a banned hazardous substance within the meaning of 15 U.S.C. §§ 1261(q)(1) and 1265.[4] There is no genuine issue as to this material fact.

Much controversy has arisen concerning the exemption for devices such as those at issue here as set out at 16 C.F.R. § 1500.-86(a)(5). The Government has submitted an affidavit to show, *inter alia*, that no exemption for these items has been made out; counsel for the claimant attack this affidavit as insufficient under Rule 56(e), F.R.C.P., and themselves maintain that the United States has not shown that there is no genuine issue of fact to prove that the

vided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

3. Even if this particular fact is not admitted by the negative pregnant at the second defense of the amended answer of August 13, 1975, the Court determines that the fact that the defendant items are "clacker balls" within the meaning of 16 C.F.R. § 1500.18(a)(7) is established by uncontroverted portions of the Thome affidavit demonstrating at least some personal knowledge of the affiant, and answers to interrogatories submitted by the Government on March 26, 1975.

As noted in Rule 56(e), *supra*, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." No factual data has been submitted by or on behalf of this claimant to contradict the charge that the defendant devices are indeed clacker balls.

4. If claimant wanted to challenge the provisions of 16 C.F.R. § 1500.18(a)(7) whereby clacker balls devices are presumed to be a hazardous substance, this was to have been done at the time that the regulation was promulgated. Section 1262(a) of Title 15 provides that when regulations such as this are made, the procedures set forth in § 701(e) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 371(e), must be followed; said procedures require an evidentiary hearing if an objection is raised to a proposed regulation. *Compare*: *R. B. Jarts, Inc. v. Richardson*, 438 F.2d 846 (2d Cir. 1971).

exemption is not applicable here. In short, the parties argue the question of who bears the burden of proof for the elements of this particular exemption.

■ It seems apparent that 16 C.F.R. § 1500.86(a)(5) creates a set of criteria whereby an entity wishing to produce or manufacture "clacker balls" devices may escape the presumption of hazardous substance of § 1500.18(a)(7). Because the claimants here have not demonstrated that this exemption is applicable, they are not entitled to the benefits thereof. That the Government has not shown the exemption to be unavailable, or has used a faulty affidavit in attempting to do so, is irrelevant.[5]

IV

Having duly considered the position of each party to this action, and after thorough review of the written record in this matter to date,

THE COURT FINDS that there is no genuine issue concerning the fact that the defendant devices named above are banned hazardous substances within the meaning of 15 U.S.C. §§ 1261(q)(1) and 1265, such that the plaintiff is entitled to judgment as a matter of law;

THE COURT THEREFORE ORDERS that the motion for summary judgment, filed on behalf of the plaintiff on March 6, 1975 is hereby GRANTED.

A form of order for condemnation and appropriate disposal of these devices will be submitted by counsel for the plaintiff within twenty (20) days of the date of this memorandum and order;

Said form of order will include allocation of court costs and storage and other proper expenses, all in accordance with the provisions of 15 U.S.C. § 1265(d).

5. It seems apparent that portions of the Thome affidavit are improperly based upon "conversation" with third parties and references to documents which are not attached, contrary to Rule 56(e), *supra*. These improprieties focus only upon the investigative aspects of this case, however, and do not affect the simple conclusion at footnote three that each defendant device is a set of clacker balls, the function of which is described at 16 C.F.R. § 1500.18(a)(7).